2017 UT App 99

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.B. AND A.R.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

L.E.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170213-CA
Filed June 15, 2017

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1133027

Sheleigh A. Harding, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1 L.E. (Mother) appeals the juvenile court's order terminating her parental rights. We affirm.

¶2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights], the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's

factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citation and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Mother argues that there was insufficient evidence to demonstrate grounds supporting termination of her parental rights. The juvenile court based its termination decision on several grounds, including abuse and neglect. *See* Utah Code Ann. § 78A-6-507(1)(b) (LexisNexis 2012). The evidence in the record supports the juvenile court's findings and determination that Mother abused and neglected the children.[1] Mother struck the children with a belt leaving marks. Further, the oldest child described how Mother also whipped her with a charging cable and wrapped a "belt around her neck, choked her, and punched her in the face." The oldest child also had a burn mark on her arm consistent with a cigarette burn. Mother was arrested for the incident in August of 2016. Mother eventually pled guilty to one count of attempted child abuse and two counts of endangerment of a child, all third degree felonies, and has been incarcerated

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

since the initial arrest. No relatives were able to care for the children so they were placed in foster care. At trial Mother was unaware of when she may be released from her incarceration. The evidence at trial demonstrated not only that Mother abused the children, but that she also neglected the children because she was "incarcerated as a result of a conviction of a felony, and the sentence is of such length that the [children] will be deprived of a normal home for more than one year." *Id.* § 78A-6-508(2)(e) (LexisNexis Supp. 2016). Thus, the evidence supports the juvenile court's decision that Mother abused and neglected the children.

¶4     Mother next argues that it was not in the best interests of the children to terminate her parental rights. As set forth above, Mother not only abused her children, but is currently incarcerated and may remain so for an indeterminate amount of time. Further, there was no evidence presented at trial that any family members were available to care for the children during that time. Thus, neither Mother nor anyone in her family could currently care for the children. Conversely, the children have bonded with their foster family, who provide for their physical and emotional needs. The children wished to be adopted by the foster parents and the foster parents wished to adopt the children. Accordingly, evidence in the record supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights.

¶5     Finally, Mother argues that the "juvenile court erred in engaging in an inadequate colloquy before requiring [Mother] to proceed pro se." "We review waiver of a statutory right to counsel for correctness, 'but grant the trial court a reasonable measure of discretion when applying the law to the facts.'" *In re A.E.*, 2001 UT App 202, ¶ 7, 29 P.3d 31 (quoting *State v. Byington*, 936 P.2d 1112, 1115 (Utah Ct. App.1997)). Termination of parental rights proceedings involves a statutory right to counsel, not a constitutional right to counsel. *See* Utah Code Ann. § 78A-6-1111(1) (LexisNexis Supp. 2016). Accordingly, "waiver of a statutory right to counsel is proper as long as the record as a

whole reflects the [parent's] reasonable understanding of the proceedings and awareness of the right to counsel." *In re A.E.*, 2001 UT App 202, ¶ 12.

¶6 Here, the record as a whole demonstrates that Mother had a reasonable understanding of the proceedings and an awareness of the statutory right to counsel. First, Mother understood her right to counsel. Mother was provided counsel at the initiation of the case. Also, this was the second time Mother requested new counsel. Earlier in the case Mother requested and was granted new counsel. Thus, at the time of trial, Mother had already been through two hearings in which her right to counsel was discussed. Further, counsel had been provided each time. Based on these facts and the conversation the court had with Mother, it is clear that Mother understood her right to counsel. Next, the record demonstrates that Mother had a reasonable understanding of the proceedings. After hearing Mother's and her counsel's accounts of the alleged breakdown in their relationship, the court specifically made Mother aware that the trial involved the termination of her parental rights. Further, the juvenile court informed Mother that because she had already had a change of counsel, the court would not continue the trial in order to appoint new counsel. Despite this knowledge Mother indicated that she wished to represent herself and proceed to trial. Based on the totality of circumstances, the record reflects that Mother had a reasonable understanding of the proceedings when she decided to represent herself at the termination proceeding, thereby making the waiver of Mother's right to counsel proper.

¶7 Affirmed.

_____