**2023 UT App 55**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF F.C.G.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

L.C.G.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20221129-CA
Filed May 25, 2023

Third District Juvenile Court, Salt Lake Department
The Honorable Monica Diaz
No. 1205462

Julie J. Nelson Attorney for Appellant

Sean D. Reyes and John M. Peterson,
Attorneys for Appellee

Martha Pierce Guardian ad Litem

Before JUDGES GREGORY K. ORME,
MICHELE M. CHRISTIANSEN FORSTER, and AMY J. OLIVER.

PER CURIAM:

¶1      L.C.G. (Mother) appeals the juvenile court's order terminating her parental rights. We affirm.

¶2      "To terminate parental rights, a juvenile court must make two separate findings." *In re C.T.*, 2018 UT App 233, ¶ 12, 438 P.3d 100 (quotation simplified). First, a court must find by clear and convincing evidence that there is at least one statutory ground for termination." *Id.* (quotation simplified). "Second, "a court must find that termination of the parent's rights is in the best interest of

the child." *Id.* Because a parent's rights are constitutionally protected, a court may terminate parental rights only if it finds that termination is strictly necessary for the best interest of a child. *See id.*

¶3 Mother does not challenge the juvenile court's determination that there were statutory grounds supporting the termination of her parental rights, or the court's determination that doing so was strictly necessary and in F.C.G.'s (Child) best interest. However, the record supports the juvenile court's determination that there were statutory grounds supporting the termination of Mother's parental rights, that termination was strictly necessary, and that terminating Mother's rights was in Child's best interest.

¶4 Instead, Mother asserts that the juvenile court erred by determining that she waived her right to counsel, and by permitting counsel to withdraw at trial. Specifically, Mother asserts that the juvenile court violated rule 53(c) of the Utah Rules of Juvenile Procedure and her due process rights by permitting counsel's withdrawal. "We review waiver of a statutory right to counsel for correctness but grant the trial court a reasonable measure of discretion when applying the law to the facts." *In re A.B.*, 2017 UT App 99, ¶ 5, 400 P.3d 1107 (quotation simplified). The "termination of parental rights involves a statutory right to counsel, not a constitutional right to counsel. *See id.* Accordingly, "waiver of a statutory right to counsel is proper as long as the record as a whole reflects the parent's reasonable understanding of the proceedings and awareness of the right to counsel." *Id.* (quotation simplified).

¶5 Rule 53(c) provides that a motion to withdraw may be made orally before the court, and counsel's request to withdraw should demonstrate a parent's familiarity with his or her right to counsel, the withdrawal of counsel, the right to appeal, and post-judgment motions. Utah R. Juv. P. 53(c)(1). The record demonstrates that Mother was aware of the rights identified in

rule 53(c). On November 30, 2021, the juvenile court appointed counsel for Mother. Based on Mother's lack of contact with counsel, and her failure to meaningfully participate in the proceeding, the court permitted counsel to withdraw.

¶6 On October 13, 2022, Mother appeared at the termination trial. Knowing that counsel had been permitted to withdraw, Mother once again requested the appointment of counsel. The juvenile court re-appointed Mother's counsel and continued the trial until December 12, 2022, so that Mother could participate in trial preparations and trial. The court scheduled a pretrial hearing for November 7, 2022. Mother failed to appear at the pretrial hearing. Mother also failed to appear at the December 12, 2022 trial.

¶7 The court determined that Mother received notice of both the pretrial hearing and the continued trial when she appeared on October 13, 2022. Mother failed to communicate with counsel and assist in trial preparations. Mother's counsel attempted to contact Mother at least twelve times prior to the continued trial. Mother's counsel received only one email from Mother, but it was not substantive, and it did not address any of counsel's "questions or advice or anything that I had given to her." The court determined that based on Mother's nonappearances in court, plus her lack of contact with counsel, Mother waived her right to counsel.

¶8 Mother next argues that the court violated her due process rights. Specifically, she argues that she had a constitutional right to counsel, beyond that of a statutory right to counsel. Mother asserts that "the Utah Supreme Court determined that, under certain factual circumstances, a parent facing termination of their parental rights has a right to counsel under the Due Process Clause of the Fourteenth Amendment of the federal constitution." *In re adoption of K.A.S.*, 2016 UT 55, ¶ 35, 390 P.3d 278. Mother argues that a constitutional right to counsel requires a heightened showing that a parent knowingly and voluntarily waived the right to counsel, rather than whether the "record as a whole

reflects the parent's reasonable understanding of the proceedings and awareness of the right to counsel." *In re A.B.*, 2017 UT App 99, ¶ 5.

¶9 Mother acknowledges that the Supreme Court did not hold that parents are always entitled to the constitutional right to counsel. The Supreme Court determined that "where, for example, the parent has not taken an interest in the proceedings and the weight of the evidence of the parent's lack of interest is great—the presumption against the right to counsel will not be overcome." *In re adoption of K.A.S.*, 2016 UT 55, ¶ 38 (quotation simplified). Given the juvenile court's determinations regarding Mother's nonappearances in court, her lack of contact with counsel, and her lack of participation, the record supports the juvenile court's determination that Mother did not take an interest in the proceedings, and the weight of the evidence of Mother's lack of interest is great. The record does not support that Mother had a constitutional right to counsel, or that the court erred in its waiver determination and allowing counsel to withdraw.

¶10 Mother next asserts that she received ineffective assistance of counsel when counsel withdrew, rather than requesting another trial continuance or additional appointment of counsel. To prevail on an ineffective assistance of counsel claim, Appellant must show: (1) her counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 669, 687 (1984); *In re C.M.R.*, 2020 UT App 114, ¶ 19, 473 P.3d 184 (applying *Strickland* to an ineffective assistance of counsel claim in a child welfare proceeding). To demonstrate deficient performance, Mother must persuade this court that, considering the record as a whole, counsel's performance was objectively unreasonable. *State v. Scott*, 2020 UT 13, ¶ 36, 462 P.3d 350. To demonstrate prejudice, Mother must show that "there exists a reasonable probability that the case would have had a different outcome had trial counsel not performed deficiently." *State v. Florez*, 2020 UT App 76, ¶ 43, 465 P.3d 307.

¶11 Mother asserts that counsel was deficient because he did not adequately comply with rule 53(c) of the Utah Rules of Juvenile Procedure. However, as addressed above, it was apparent from the record that Mother was familiar with her rights identified in rule 53(c). *See* Utah R. Juv. P. 53(c)(1)(iii). Counsel had been appointed twice in Mother's proceeding, and the court permitted counsel's withdrawal due to Mother's refusal to communicate with counsel, participate, and to attend court. Counsel's decision to withdraw, rather than request yet another continuance or additional counsel was not deficient. "Because the decision not to pursue a futile motion is almost always a sound trial strategy, counsel's failure to make a motion that would be futile if raised does not constitute deficient performance." *State v. Powell*, 2020 UT App 63, ¶ 20, 463 P.3d 705. Given the required short time frames in child welfare cases, Mother's nonappearances, lack of communication with counsel, and her lack of participation, the record does not support Mother's claim that counsel was ineffective for declining to request yet another continuance or requesting that the court appoint another attorney.

¶12 Mother next argues that the doctrine of structural prejudice suggests that she was prejudiced when counsel withdrew at trial. *See State v. Bond,* 2015 UT 88, ¶ 40, 361 P.3d 104. To satisfy this part of *Strickland's* test, Mother must demonstrate particularized prejudice in her specific case. *See State v. Juarez*, 2021 UT App 53, ¶ 27, 489 P.3d 231. "Allegations of structural prejudice, or prejudice per se, are generally insufficient in the context of an ineffective assistance claim." *Id.* (quotation simplified). However, we need not address both components of the *Strickland* inquiry if we determine that Mother made an insufficient showing on either prong. *See id.* ¶ 26. Because the record does not support Mother's claim that counsel was deficient, we need not address this claim. *See id.*

¶13 The juvenile court's order terminating Mother's parental rights is affirmed.

───────────